UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONEL PANKEY,<br><br>Plaintiff,<br>v.<br>BANK OF AMERICA,<br><br>Defendant. | Case No. 3:17-cv-00100-MMD-VPC<br><br>ORDER |

Before the Court is Defendant Bank of America's ("the Bank") Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Motion"). (ECF No. 5.) The time to respond has expired and Plaintiff has not responded.

Plaintiff's complaint asserts claims under 42 U.S.C. § 1983 against the Bank based on his former girlfriend's purported theft of money held in his account with the Bank, the Bank's handling of his complaint about the theft and the Bank's decision to freeze his account. (ECF No. 1-2.) The Bank argues that Plaintiff's section 1983 claims should be dismissed because it is not a state actor.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation

was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Here, Plaintiff fails to allege that the Bank acted under color of law in its handling of his account. The Court thus agrees with the Bank that Plaintiff fails to state a claim under section 1983. The Court will dismiss these claims with prejudice.

The Bank asks the Court to exercise supplemental jurisdiction and dismiss Plaintiff's negligence claim to the extent the complaint states such a claim. However, the Court declines to exercise supplemental jurisdiction over any remaining state law claim pursuant to 28 U.S.C. § 1367(c).

It is therefore ordered that Bank of America's motion to dismiss (ECF No. 5) is granted. Plaintiff's section 1983 claims are dismissed. The Court declines to exercise supplemental jurisdiction over Plaintiff's negligence claim. To the extent Plaintiff seeks to assert a claim for negligence, this claims is dismissed without prejudice.

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 12th day of June 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE